

# IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Moua Vang,

    Plaintiff,

    v.

Reda Auto Port,

    Defendant.

**FILED**

JUN - 2 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

No. 04 C 4227

Judge Coar
Magistrate Judge Ashman

---

## <u>RULE 56.1(a)(1) MATERIALS</u>

Plaintiff submits the following materials under F.R.C.P. 56(e), as his LR56.1(a)(1) Materials:

- Exhibit A—Indiana Certificate of Title;

- Exhibit B—Relevant pages of Plaintiff's Complaint;

- Exhibit C—Relevant pages of Defendant's Answer;

- Exhibit D—Bill of Sale;

- Exhibit E—Certified copy of Assignment of Title;

- Exhibit F—Declaration of Moua Vang.

**MOUA VANG**

By: _____
    One of his attorneys

Dmitry N. Feofanov
**CHICAGOLEMONLAW.COM**
1639 Brandywine Lane
Dixon, Illinois 61021
815/288-3217

# INDIANA CERTIFICATE OF TITLE

State Form 9597 (R8/2-02)
Approved by State Board of Accounts, 1995

**VEHICLE IDENTIFICATION**

| | YEAR | MAKE | MODEL | BODY STYLE |
|---|---|---|---|---|
| JE1E9R0206493 | 1994 | LEX | F11 | 4S |

ISSUE DATE — 04/07/03   ODOMETER — 073926

*REBUILT VEHICLE
*ODOMETER — IS NOT ACTUAL

**OWNER(S) NAME AND ADDRESS**

AUTO CONNECT INCORPORATED
4914 CALUMET AVE
HAMMOND          IN   46320

**MAILING ADDRESS**

AUTO CONNECT INCORPORATED
4914 S CALUMET AVE
HAMMOND          IN   46327-1885

LIEN

2nd
LIEN

*See Lien to Sellers and Purchasers Requirements.*

**LIEN RELEASES**

First Release by:

Title _____ Date (mon/day/year)

Second Release by:

Title _____ Date (mon/day/year)

---

## SELLER MUST COMPLETE

## PURCHASER'S INFORMATION

We swear or affirm that the information entered on this form is correct. We understand that a false statement may constitute the crime of perjury.

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.

Odometer Reading (no tenths)
141908

☐ 1. The odometer reading stated is in excess of its mechanical limits.
☐ 2. The odometer reading is NOT actual mileage.
WARNING - ODOMETER DISCREPANCY.

Signature of seller _____  Position

Signature of seller _____  Position

Printed name of seller
M ZEE

Printed name of seller

Date of sale   9.30.03   Selling price $   Trade in price (if any) $   Total price paid $

Name of purchaser
**Reda Auto Port**
Address
**743 W. North Ave**
City
**Villa Park, IL 60181**
Lienholder

Address

City          State   ZIP code

I am aware of the odometer statements made by seller(s)
Signature of purchaser

Printed name of purchaser
K-REDA

The Commissioner of the Bureau of Motor Vehicles, pursuant to the laws of the State of Indiana, certifies that the vehicle has been duly titled and the owner of the described vehicle is subject to the liens set forth.

INVENTORY CONTROL NO.
A7800983

COMMISSIONER
GERALD B. COLEMAN

TITLE NUMBER
03041056018

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS

**REQUIREMENTS:** Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

**To Seller:** Please type or print information. Seller is responsible for completing form. If title is in more than one name, all owners must sign as seller. Any person signing for a company must state position.

**To Purchaser:** Complete application for a new certificate of title within thirty-one days of purchase, or pay a delinquent penalty. All fees shown on the back of the title are due and must apply for a new title. Take this to your local BMV License Branch.

## FIRST RE-ASSIGNMENT BY A LICENSED DEALER ONLY

We state or affirm the information entered on this form is correct. We understand that a false statement may constitute the crime of perjury.

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.

Odometer Reading (no tenths): **142018**

☐ The odometer reading stated is in excess of its mechanical limits.
☐ The odometer reading is NOT actual mileage. WARNING - ODOMETER DISCREPANCY.

Name of purchaser: **MOUA VANG**
Address: **2910 VANG RD**
City: **SUN Prairie**  State: **WI**  Zip code: **53590**

Dealership name: _____ W. North Ave Villa Park, IL 60181

Signature: _____
Printed name: _____
Position: _____
Date of sale (month, day, year): _____

Name of lienholder: **CUNA CREDIT UNION**
Address: **P.O. BOX 1407**
City: **MADISON**  State: **WI**  Zip code: _____

I am aware of the above odometer certification made by the seller(s).
Signature of purchaser: _____  Printed name of purchaser: **MOUA VANG**

## SECOND RE-ASSIGNMENT BY A LICENSED DEALER ONLY

We state or affirm the information entered on this form is correct. We understand that a false statement may constitute the crime of perjury.

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.

Odometer Reading (no tenths): _____

☐ The odometer reading stated is in excess of its mechanical limits.
☐ The odometer reading is NOT actual mileage. WARNING - ODOMETER DISCREPANCY.

Name of dealership: _____
Signature: _____
Printed name: _____
Position: _____  Dealer number: _____
Date of sale (month, day, year): _____

Name of purchaser: _____
Address: _____
City: _____  State: _____  Zip code: _____
Name of lienholder: _____
Address: _____
City: _____  State: _____  Zip code: _____

I am aware of the above odometer certification made by the seller(s).
Signature of purchaser: _____  Printed name of purchaser: _____

## THIRD RE-ASSIGNMENT BY A LICENSED DEALER ONLY

We state or affirm the information entered on this form is correct. We understand that a false statement may constitute the crime of perjury.

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.

Odometer Reading (no tenths): _____

☐ The odometer reading stated is in excess of its mechanical limits.
☐ The odometer reading is NOT actual mileage. WARNING - ODOMETER DISCREPANCY.

Name of dealership: _____
Signature: _____
Printed name: _____
Position: _____  Dealer number: _____
Date of sale (month, day, year): _____

Name of purchaser: _____
Address: _____
City: _____  State: _____  Zip code: _____
Name of lienholder: _____
Address: _____
City: _____  State: _____  Zip code: _____

I am aware of the above odometer certification made by the seller(s).
Signature of purchaser: _____  Printed name of purchaser: _____

**NO ADDITIONAL RE-ASSIGNMENTS PERMITTED**

## III. FACTS

3. On November 26, 2003, Mr. Vang agreed to purchase, and Reda Auto Port agreed to sell a 1994 Lexus LS 400, as more fully described in the Buyer's Order, attached hereto and made part hereof as Exhibit B. This agreement was reached at Reda Auto Port's place of business.

4. On the date of the transaction, and before, Reda Auto Port had possession of the car's title. See Exhibit A.

5. Reda Auto Port did not disclose the car's title to Mr. Vang, as required by federal law, even though Mr. Vang asked to see the title.

6. Reda Auto Port did not show Mr. Vang the certificate of title, nor asked Mr. Vang to sign the odometer statement on the back of the title.

7. Instead, on information and belief, Reda Auto Port requested that Mr. Vang sign a power of attorney to effectuate the transaction.

8. Reda Auto Port never contacted Mr. Vang for the purpose of obtaining Mr. Vang's signature on the certificate of title.

9. Had Mr. Vang saw the title, he would have discovered that the car's odometer did not show actual mileage.

10. The car came with a written warranty.

11. The warranty was supplied to Mr. Vang by Defendant Reda Auto Port.

12. Mr. Vang was aware of the warranty's, and would have not bought the car had it not been warranted.

13. Thus, Reda Auto Port's warranty was part of the basis of the bargain struck by Reda Auto Port and Mr. Vang. The warranty is contained in Exhibit B.

2

14. The defendant acted with malicious intent, reckless indifference, or gross negligence to the rights of Mr. Vang, or with an evil motive, such that an award of punitive damages against it is warranted, as well as prejudgment interest, and damages for aggravation and inconvenience on all of the theories set forth below in which such damages may be had.

### Allegations Regarding Mr. Vang's Revocation of Acceptance

15. On May 11, 2004, Mr. Vang, exercising his rights under the Illinois Commercial Code (810 ILCS 5/1 et seq.) and Magnuson-Moss Warranty Act (15 U.S.C. §2310(d)), revoked acceptance of the car and cancelled his purchase contract. Mr. Vang's revocation letter is attached hereto and made part hereof as Exhibit C. Reda Auto Port refused to return Mr. Vang's money.

## IV. CAUSES OF ACTION

### Count I —Violation of the Disclosure Requirements of the Motor Vehicle Information and Cost Savings Act:  Declaratory Judgment, Injunctive Relief, and Damages

16. Mr. Vang re-alleges all the factual allegations contained in all other paragraphs of this Complaint, and incorporates them herein by reference.

17. Reda Auto Port is a "dealer," as defined by the Act.

18. Reda Auto Port is a "transferor," as defined by 49 C.F.R. §580.3.

19. Mr. Vang is a "transferee," as defined by 49 C.F.R. §580.3.

20. On information and belief, at the time of the transaction Reda Auto Port was in possession of the car's title.

21. By not disclosing the car's title and information contained therein to Mr. Vang, and by failing to disclose the car's mileage on the title that was supposed to be tendered to Mr. Vang for signature (but was not), Reda Auto Port, with intent to defraud, violated the



4. Admits the allegations of paragraph 4 but, in the affirmative, states that on November 26, 2003, the title to the vehicle in question was not physically located at REDA AUTO PORT'S place of business.

5. Admits that the title was not shown to the Plaintiff as the Defendant did not have it at his business location, but denies that the Plaintiff requested to see it.

6. Admits.

7. Denies.

8. Admits that the Plaintiff was not asked to sign the Certificate of Title but, in the affirmative, states that Plaintiff's Exhibit B accurately discloses the vehicle's mileage at 142,018 and further states that Plaintiff's Exhibit B bears the signature of the Plaintiff.

9. Denies that the odometer did not show the actual mileage of the vehicle and, in the affirmative, states that the Certificate of Title issued by the State of Indiana erroneously listed the vehicle's mileage at 73,926, and the actual mileage of the vehicle was 142,018 as reflected by the odometer at the time of Plaintiff's purchase.

10. Admits that the vehicle came with a written warranty as reflected in Plaintiff's Exhibit B: "30 days warranty on engine and transmission". "REDA AUTO covers parts only. Rebuilt vehicle frame warranty 30 days." Further, Plaintiff's Exhibit B also discloses, apart from the above warranties, that the vehicle was sold "as is".

11. Admits the allegations of paragraph 11.

2

12.         Admits that the Plaintiff was aware of the warranty and has no knowledge of what the Plaintiff would have done if the vehicle had not been warranted and, therefore, neither admits nor denies those allegations, but demands strict proof thereof.

13.         Denies that the warranty was the basis of the bargain and, in the affirmative, states that the price of the vehicle formed the basis of the bargain.

14.         Denies each allegation of paragraph 14.

15.         Defendant is unable to answer the allegation that on May 11, 2004, the Plaintiff revoked his acceptance of the vehicle as Plaintiff's Exhibit C was not attached to the Complaint sent to Defendant Reda Auto Port. However, in the affirmative, any purported rejection or acceptance was untimely in that by May 11, 2004, the Plaintiff had the exclusive use and possession of the vehicle for nearly 6 months and had been fully aware of the vehicle's mileage since the date of purchase.

## IV.   CAUSES OF ACTION

16.         Defendant realleges each of the preceding paragraphs of its Answer and incorporates them by reference herein.

17.         Admits that REDA AUTO PORT is a used car dealer.

18.         Admits that REDA AUTO PORT transferred the title to the vehicle to the Plaintiff.

19.         Admits that the Plaintiff was the transferee of the title.

20. Admits that the Defendant had possession of the title but that the title was not present at the Defendant's place of business when the Plaintiff purchased the vehicle.

21. Denies each of the allegations of paragraph 21 and, in the affirmative, again asserts that Plaintiff's Exhibit B accurately disclosed the vehicle's mileage at 142, 018.

22. Denies each allegation of paragraph 22.

23. Denies the allegation of paragraph 23.

24. Denies the allegation of paragraph 24.

**WHEREFORE, THE DEFENDANT REDA AUTO PORT** prays this Court deny the relief requested by the Plaintiff and for an entry of judgment in its favor with an award of Defendant's costs.

## COUNT II

25. Defendant realleges each of the preceding paragraphs of its Answer and incorporates them by reference herein.

26. Denies each allegation of paragraph 26 and, in the affirmative, states that *the odometer reflected the vehicle's actual mileage of 142,018.*

**WHEREFORE, THE DEFENDANT REDA AUTO PORT** prays this Court deny the relief requested by the Plaintiff and for an entry of judgment in its favor with an award of Defendant's costs.



# BILL OF SALE/MEMORANDUM OF INSTALLMENT SALE

All identifying numbers on said vehicle agree with those on the certificate of title or statement of origin.

## Reda Auto Port
## 743 W. North Ave
## Villa Park, IL 60181

Signed _____
Subscribed and sworn to before me this _____
day of _____, 20 ____ Notary Public
for _____ County, State of _____
Notary Public _____

Purchaser _____ 20 _____

_____

Salesman _____ Phone _____

| MAKE OF CAR | BODY STYLE | SERIAL NUMBER | STOCK NUMBER |
|---|---|---|---|
| | | | |

## NO PUBLIC LIABILITY
### INSURANCE ISSUED WITH THIS TRANSACTION

### TRADE IN

I HEREBY ACKNOWLEDGE RECEIPT OF THE FOLLOWING ITEMS:
1. A completed copy of the retail installment contract.
2. Certificate of title.
I have read my contract and understand my payments and charges in full.

X _____

Cash Price ....... $ _____
Sales Tax ........ _____
Del. and Handling . _____
Total Price ........ _____

Make of Car _____

Serial Number _____

Motor Number _____

Allowance .......... $ _____

Less Amount Owing . $ _____

Net Allowance ...... $ _____

Previous Deposit ..... _____
Cash on Delivery ...... _____
Net Trade Allowance .. _____
Total Credit ......... _____ $ _____
Unpaid Balance $ _____

Which is secured by a retail installment contract and judgment not executed by the undersigned on this date. Additional charges and insurance included in the retail installment contract are as follows:

### NOTES AND RETAIL INSTALLMENT CONTRACT HELD BY:

| PAYMENTS OF | EACH | FIRST PAYMENT DUE |
|---|---|---|
| | | |

I state that odometer mileage on VEHICLE BEING PURCHASED described above is _____ at time of transfer.
(Check the following if applicable)
☐ I further state that the actual mileage differs from the odometer reading for reasons other than odometer calibration error and that the actual mileage is unknown.

X _____
Signature of Transferor's (Dealer or Authorized Agent)

I state that odometer mileage on USED VEHICLE TRADED-IN described above is _____ at time of transfer.
(Check the following if applicable)
☐ I further state that the actual mileage differs from the odometer reading for reasons other than odometer calibration error and that the actual mileage is unknown.

X _____
Signature of Purchaser (Transferor of Trade-in)    Date

The purchaser represents and warrants that he is of legal age; that he has title to and good right to sell and dispose of the used car traded in, described above, that there are no liens, claims, and/or encumbrances thereon, and agrees to furnish good and sufficient title and hereby grants the above company power of attorney to assign and endorse said title for him.

**The information you see on the window form for this vehicle is part of the contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**AS IS -** All used cars "as is" unless indicated here. _____

In the event of out of state sales, title to the above described vehicle shall remain in the seller until said title is endorsed to and received by the purchaser through the U.S. Mails.
Payments required to be made hereunder are not acceptable to seller unless made in cash or until conditional payments have cleared purchaser's bank.
I, THE PURCHASER, HAVE READ AND UNDERSTAND THE RETAIL INSTALLMENT CONTRACT WHICH HAS BEEN SIGNED BY ME, AS WELL AS THIS MEMORANDUM, AND BOTH THE RETAIL INSTALLMENT CONTRACT AND THIS MEMORANDUM OF INSTALLMENT SALE HAVE BEEN FILLED OUT BEFORE I SIGNED THEM AND I HAVE RECEIVED A COPY OF BOTH DOCUMENTS AND DO ACKNOWLEDGE DELIVERY OF THE ABOVE DESCRIBED AUTOMOBILE. THESE DOCUMENTS CONSTITUTE THE ENTIRE AGREEMENT BETWEEN US AND I HEREIN STATE THAT NO PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME WHICH ARE NOT HEREIN SET FORTH.

By _____
SELLER-AUTHORIZED DEALER

I approve and accept the above terms _____
PURCHASER

M & D AUTO DEALER SUPPLY, INC., (219) 365-9055





# STATE OF INDIANA

**JOSEPH E. KERNAN, GOVERNOR**

Mary L. DePrez, Commissioner
BUREAU OF MOTOR VEHICLES
100 North Senate Avenue
Indianapolis, Indiana 46204
Telephone: (317) 233-6000

*STATE OF INDIANA*    )
*COUNTY OF MARION*    )

**RE:**  03041056018
      MOTOR FILE CURRENT OWNER
      03041056018(6DOCUMENTS)#1

*I, MARY L. DEPREZ, the duly appointed and qualified Commissioner of the Indiana Bureau of Motor Vehicles and custodian of the records therein, hereby certify that the attached is a full, true and complete copy of the record as it appears in the files of the Indiana Bureau of Motor Vehicles.*

*In Testimony Whereof, I and my duly authorized representative execute this certification and affix the Seal of the Indiana Bureau of Motor Vehicles this* 10th *day of* June 2004.

TL2

_____
*MARY L. DEPREZ, COMMISSIONER*

BY: _____
*CERTIFICATION CLERK*



Salvage certificates can only be assigned to licensed rebuilder, automotive parts recycler, or scrap processor. Assignment of a Salvage Certificate to one other licensee is permitted.

## ASSIGNMENT OF CERTIFICATE

The undersigned hereby certifies that the vehicle described in this certificate has been transferred to the following named rebuilder and address.

8248 S. Roberts Rd. Bridgeview IL 60455

The undersigned certifies that the odometer reading to the best of their knowledge of the vehicle unless one of the following statements is checked:

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.    WARNING ODOMETER DISCREPANCY

/3926

Name of Selling Company (if applicable) **INDIANA INSURANCE**

Signature of Seller  Amanda Steele - agent

Name of Seller  Amanda Steele - agent    Date of Sale 3/8/03

Rebuilder, automotive parts recycler, or scrap processor license #  9768

Name of Purchasing Licensee  Kenny REDA

Signature of Purchasing Licensee

## ASSIGNMENT BY LICENSEE

The undersigned hereby certifies that the vehicle described in this certificate has been transferred to the following named rebuilder and address.

Recovert inc 4917 Calumet Ave Hammond IN 46320

5926

☐ 1.
☐ 2.

Name of Selling Licensee  D&M Auto Sale

Signature of Agent  Kenny REDA

Name of Agent  Kenny REDA    Date of Sale 3-13-03

Rebuilder, automotive parts recycler, or scrap processor license #  5898

Signature of Purchasing Licensee  Salvador Rivera

Name of Purchasing Licensee  Salvador Rivera

NO FURTHER ASSIGNMENT PERMITTED

## Declaration of Moua Vang in Support of
## Plaintiff's Motion for Partial Summary Judgment

I, Moua Vang, declare as follows:

1.    I am the Plaintiff in the above captioned case.

2.    I am making this declaration in support of my Motion for Partial Summary Judgment.

3.    The certificate of title, attached to my Rule 56.1(a)(1) Materials as Exhibit A, is a true and correct copy of the original certificate of title, which I gave to my attorney.

4.    The Bill of Sale, attached to my Rule 56.1(a)(1) Materials as Exhibit D, is a true and correct copy of the original Bill of Sale, which I gave to my attorney. I received this Bill of Sale on November 26, 2003, when I bought the car. It was prepared by Mr. Reda, and I saw him sign it at the bottom. After Mr. Reda signed it at the bottom, he gave me the yellow carbon copy, which I kept. This contract is in the same condition now as it was on November 26, 2003.

Pursuant to 28 U.S.C. §1746, I do hereby certify, under penalties of perjury, that the above statements are true and correct to the extent that they reflect my personal knowledge and otherwise are based upon my information and belief.

_____          May 26, 2005
Moua Vang